NOT FOR PUBLICATION                    [Docket No. 5]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

```
_____
                              :
SALVATORE CONIGLIARO,         :
                              :
          Plaintiff,          :   Civil No. 07-1543 (RMB)
                              :
     v.                       :   OPINION
                              :
MICHAEL CHERTOFF, et al.,     :
                              :
          Defendants.         :
_____:
```

APPEARANCES:

Valentine Brown, Esq.
Derek A. DeCosmo, Esq.
Valentine Brown, LLC
3 South Broad Street, Suite 3-A
Woodbury, NJ 08096
     Attorneys for Plaintiff

John G. Silbermann, Jr., Esq.
Office of the U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
     Attorneys for Defendants


**BUMB**, United States District Judge:


**Introduction:**

     This matter comes before the Court upon a motion by

Defendants, Michael Chertoff, Secretary U.S. Department of

Homeland Security, Emilio Gonzales, Director, U.S. Citizenship

and Immigration Service ("USCIS"), Michael Borgen, Field Office

Director, U.S. Citizenship & Immigration Service, and Robert S.

Mueller III, Director, Federal Bureau of Investigation,

(hereinafter collectively as "Defendants"), to dismiss the above-

captioned matter for lack of subject matter jurisdiction.  For

the reasons discussed below, this Court will grant the

Defendants' motion.

**Background**:

On May 3, 2007, Plaintiff filed a Complaint in this Court

seeking declaratory judgment and petitioning for a writ of

mandamus to compel Defendants "to adjudicate Plaintiff's properly

filed application to Adjust Status to Legal Permanent Resident,

and to order defendants to issue a decision on the case within 30

days[.]"  Compl. at 9.  In his Complaint, Plaintiff states that

on July 10, 2003, Plaintiff's employer filed an I-140 Immigrant

Visa Petition on his behalf along with Plaintiff's I-485

Application to Register Permanent Resident or Adjust Status.

Compl. at ¶ 11.  On April 20, 2005, USCIS interviewed Plaintiff

on his applications; Plaintiff's application is still pending

based on security checks.  Id. at ¶ 12.

Plaintiff avers that Defendants' failure to adjudicate his

application within a reasonable period of time violates a non-

discretionary duty to adjudicate legal permanent resident applications.  While acknowledging that 8 C.F.R. § 103.2(b)(18) permits the USCIS District Director to "withhold the adjudication of applications pending the outcome of investigations" and that the regulation "does not place a time limitation on how long the application may be held in abeyance," Plaintiff avers that the Defendants do not have "unfettered discretion to leave an application unadjudicated for an indefinite period." Compl. at ¶ 16.  He asks this Court to enter and order "compelling the Defendants to adjudicate Plaintiff's properly filed application to Adjust Status to Legal Resident, and to order [D]efendants to issue a decision on the case within 30 days, and awarding Plaintiff reasonably attorney's fees, and granting such other relief as the Court deems just and proper."  Compl. at 9.

Defendants have moved under Federal Rule of Civil Procedure 12(b)(1) to dismiss the complaint for lack of subject matter jurisdiction.  They argue that 8 U.S.C. § 1252(a)(2)(B) divests this Court of jurisdiction, that this Court lacks subject matter jurisdiction to grant Plaintiff's mandamus request under 28 U.S.C. § 1361, and that the Administrative Procedures Act

precludes this Court from reviewing Plaintiff's claim because it concerns an action that is committed to agency discretion.[1]

**Standard of Review:**

A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), may be asserted at any time.  In Re Kaiser Group International Inc., 399 F.3d 558, 565 (3d Cir. 2005).  Where subject matter jurisdiction is challenged, the plaintiff bears the burden of persuasion to demonstrate that it exists.  Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).

A defendant may make either a facial or factual attack on subject matter jurisdiction.  Where a facial challenge is asserted, i.e. "that the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction," the Court takes all allegations in the complaint as true and "may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject

---

[1] This stance of the Third Circuit as to these issues is unclear and the courts in this District do not all agree. Compare Qui v. Chertoff, 486 F. Supp. 2d 412 (D.N.J. 2007) (dismissing for lack of jurisdiction) with Pool v. Gonzales, 2007 U.S. Dist. LEXIS 39946 (D.N.J. Dune 1, 2007) (denying defendants' motion to dismiss).

matter jurisdiction." Liu v. Gonzales, 2007 U.S. Dist. LEXIS 74611 at *7 (D.N.J. Oct. 5, 2007).

If a factual challenge to subject matter jurisdiction is presented, "the district court may not presume the truthfulness of plaintiff's allegations, but rather must 'evaluate for itself the merits of [the] jurisdictional claims'" Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005)(quoting Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). Because Defendants have appended the declaration of Michael R. Borgen to their motion, this Court will treat the motion as a factual challenge and this Court will consider the declaration submitted. See Liu, 2007 U.S. Dist. LEXIS 74611 at *8-9.

**Discussion**:

*a) 8 U.S.C. § 1252(a)(2)(B)(ii)*

8 U.S.C. § 1255(a) addresses discretion over adjustment to permanent residence status:

> The status of an alien who was inspected and admitted or paroled into the United States or the status of any other alien having an approved petition for classification as a VAWA self-petitioner may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe. . . .

Because, Defendants argue, the adjudication of adjustment of status is expressly committed to the discretion of the Secretary

5

of Homeland Security, this Court cannot review this matter
pursuant to § 1252(a)(2)(B)(ii).

The relevant portion of § 1252(a)(2)(B) provides that

> Notwithstanding any other provision of law . . . <u>no
> court shall have jurisdiction to review</u>—
> . . .
> (ii) any other decision or action of the Attorney
> General or the Secretary of Homeland Security the
> authority for which is specified under this
> subchapter to be in the discretion of the Attorney
> General or the Secretary of Homeland Security . .
> . .

8 U.S.C. § 1252(a)(2)(B)(ii) (emphasis added).  Defendants argue
that failure to quickly adjudicate Plaintiff's application is an
explicitly discretionary "decision or action" and thus §
1252(a)(2)(B) divests jurisdiction from this Court.  Because
"[s]ection 1255(a) provides that an alien's status 'may be
adjusted by the Attorney General, in his discretion and under
such regulations as he may prescribe[,]'" the Attorney General's
discretion "necessarily includes not only discretion over whether
to grant an adjustment, but also discretion over how and when to
do so."  <u>Id.</u> at 5.

Defendants further assert that their delay in
adjudication of Plaintiff's application is a "decision or action"
because USCIS has "made a decision that it cannot immediately
adjudicate Plaintiff's application because[,] following the

security checks, there are issues that require additional inquiry
and evaluation," and "[s]uch inquiries must occur before
Plaintiff's applications may be adjudicated."  <u>Id.</u> at 5.
Further, the declaration of Michael Borgen, makes clear that
USCIS is engaging in the action of adjudication Plaintiff's
application through continuing evaluations.  <u>See</u> Borgen Decl. at
¶ 6 ("FBI name checks were initiated on the applicant on or
around August 12, 2003.  USCIS has not yet received the results
of these checks.")

   Plaintiff counters by arguing that he is seeking to
compel the Department of Homeland Security ("DHS") to perform a
non-discretionary duty to act upon the applications presented to
it.  Because the name checks (a process that remains incomplete
as to Plaintiff) are admittedly within the province of the FBI,
and, thus "outside of USCIS[']" control, the failure to complete
the check cannot turn the failure to act into an "agency
decision."  Finally, Plaintiff argues that § 1252(a)(2)(B)(ii) is
inapplicable because "it does not address, much less specify any
discretion associated with the pace of application processing."
Pl.'s Br. at 10.

   This Court finds Plaintiff's arguments unpersuasive;
"[b]ecause 8 U.S.C. § 1255 provides that an alien's status may be
adjusted by the Attorney General in his/her discretion, this

court does not have jurisdiction to review his actions or inactions relating to Plaintiff's adjustment of status." Serrano, 2007 U.S. Dist. LEXIS 26310 at *7 (D.N.J. Apr. 9, 2007). Further, this Court agrees that § 1252(a)(2)(B)(ii) "prohibits the Court from reviewing the pace at which the Attorney General adjudicates a particular adjustment of status application." Liu v. Gonzalez, 2007 U.S. Dist. LEXIS 7464 at *15 (D.N.J. Oct. 5, 2007).

### b) Mandamus Jurisdiction

Even if judicial review was not unavailable pursuant to 8 U.S.C. § 1252 (a)(2)(B)(ii), this Court nevertheless finds it lacks mandamus jurisdiction.  Pursuant to 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  The Supreme Court has stated that mandamus relief under § 1361 is an "extraordinary remedy" that "will issue only to compel the performance of 'a clear nondiscretionary duty.'" Pittston Coal Group v. Sebben, 488 U.S. 105, 121 (1988)(quoting Heckler v. Ringer, 466 U.S. 602, 616 (1984)). "[T]he party seeking mandamus has the burden of showing that its right to issuance of the writ is clear and indisputable." Will

8

v. United States, 389 U.S. 90, 96 (1967)(internal quotations omitted).  As set forth by the Third Circuit:

> in order for mandamus to issue, a plaintiff must allege that an officer of the Government owes him a legal duty which is a specific, plain ministerial act "devoid of the exercise of judgment or discretion." An act is ministerial only when its performance is positively commanded and so plainly prescribed as to be free from doubt.

Harmon Cove Condominium Asso. v. Marsh, 815 F.2d 949, 950 (3d Cir. 1987) (quoting Richardson v. United States, 465 F.2d 844, 849 (3d Cir. 1972)).

Defendants argue that Plaintiff's claim must be dismissed because "Defendant has no clear mandatory or ministerial obligation to adjudicate the application within a particular time frame."  Defs.' Br. at 12.  Plaintiffs respond by claiming that while the ultimate decision to grant or deny the claim is discretionary, "the duty to complete the adjudication of the case is not."  Pl.'s Br. at 9.

Plaintiff relies heavily on the decision in Yue Yu v. Brown, 36 F. Supp. 2d 922 (D.N.M. 1999).  Plaintiff cites to the decision's discussion of sections of the Code of Federal Regulations stating that the applicant: "shall be required to have a medical examination," 8 C.F.R. § 245.5, "shall be interviewed by an immigration officer," 8 C.F.R. § 245.6, and

"shall be notified of the decision of the director." 8 C.F.R. §
245.2.

While arguing that USCIS has a mandatory, non-discretionary
duty to adjudicate Plaintiff's application, it is clear from the
Plaintiff's Complaint and Petition for Mandamus Relief that the
gravamen of his complaint is the speed at which the adjudication
is occurring: "Plaintiff respectfully asks this Court to enter an
order compelling the Defendants to adjudicate Plaintiff's
properly filed application. . . and to order defendants to issue
a decision on the case within 30 days. . . ."  Pl.'s Compl. at 9.
Plaintiff has not alleged that Defendants have outright refused
to adjudicate his application, instead, the essence of his
argument is that the adjudication is not happening quickly
enough.

It is clear, however, as admitted by Plaintiffs, that there
is no statutorily prescribed time frame in which the adjudication
must be made and the delay in processing, while undoubtedly
frustrating for Plaintiff, is not "tantamount to a refusal to
process the application." Serrano v. Quarantillo, 2007 U.S.
Dist. LEXIS 26310 at *11 (D.N.J. Apr. 9, 2007) (dismissing for
lack of jurisdiction where application pending for over two
years); see Liu v. Gonzales, 2007 U.S. Dist. LEXIS 74611 at *14-
14 (D.N.J. Oct. 5, 2007)(finding no subject matter jurisdiction

10

where application still being processed and monitored for completion of name check).  Also, because the duty at issue is discretionary, it does not qualify as a ministerial act as required for mandamus jurisdiction.  Tao v. Mueller, 2007 U.S. Dist. LEXIS 62530 at * 8 (D.N.J. Aug. 23, 2007).

Moreover, Plaintiff's reliance on the mandates of 8 C.F.R. §§ 245.2, 245.4, and 245.5 is misplaced.  Plaintiff's Complaint and Petition for Mandamus are not based on an alleged failure to comply with those provisions - i.e., Plaintiff is not complaining that he was not given the requisite medical examination, interview, or that a decision was made regarding his application and he was not informed.  Again, his complaint is that adjudication is taking too long to complete.

Because there is no clear, non-discretionary duty to adjudicate I-485 applications within a certain period of time, this Court finds that Plaintiff has not satisfied the strictures of mandamus.  The reasoning employed by Judge Chesler in Qiu v. Chertoff, 486 F. Supp. 2d 412 (D.N.J. 2007), is particularly instructive:

> other sections of the United States Code, which empower the Attorney General or the Secretary of Homeland Security to adjudicate an application, are accompanied both by a statutory time period for adjudication and an explicit provision granting applicants a right to judicial review. However, in the case of an adjustment of status application, there is

11

no similar provision establishing a specific time frame for adjudication, nor an accompanying provision conferring a right to judicial review. This is an indication that, with respect to an application for adjustment of status, Congress did not intend to limit the discretion of immigration officials by specifying a certain time period within which they must act.

Second, none of the regulations cited by other courts as the source for Defendants' non-discretionary duty speak to the issue of withholding adjudication. The phrases "shall be notified," "shall record," and "shall be interviewed" do not mean the same thing as "shall adjudicate." Further, these mandatory -i.e. non-discretionary- phrases have been cited in isolation, thus ignoring other sections of the regulations which allow Defendants to exercise discretion throughout the application process.

* * *

The regulation that speaks most directly to the Defendants' discretion to withhold adjudication is 8 C.F.R. § 103.2(b)(18), which is entitled "Withholding adjudication." Section 103.2(b)(18) confers discretion on immigration officers to withhold adjudication while applications are investigated. It provides that an immigration officer "may" withhold adjudication every six months if he or she "determines it is necessary to continue to withhold adjudication pending completion of the investigation." 8 C.F.R. § 103.2(b)(18) (emphasis added); see Jilin Pharm, 447 F.3d at 203 (the phrase "deems it to be in the national interest" grants discretionary authority (citing Zhu, 411 F.3d at 295)). The terms of the regulation clearly contemplate that certain applications may require lengthy investigations.

Id. at 417-419.

This Court agrees that because there is no clear non-discretionary duty to adjudicate Plaintiff's application within a certain period of time, especially no duty to give what Plaintiff

12

requests, i.e., an "immediate adjudication," mandamus relief is unavailable to compel the immediate adjudication of Plaintiff's status.

  c) APA

While the Administrative Procedures Act, 5 U.S.C. § 701 et seq., ("APA"), does not itself confer jurisdiction, a Court may have jurisdiction under 28 U.S.C. § 1331 over a claim that an agency has violated the APA.  See Califano v. Sanders, 430 U.S. 99, 107 (1977)("the APA does not afford an implied grant of subject-matter jurisdiction."); Qui, 486 F. Supp. 2d at 420. "Under the APA, any 'person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review.'" Smriko v. Ashcroft, 387 F.3d 279, 290 (3d Cir. 2004)(quoting 5 U.S.C. § 702).  "The only exceptions to this general rule are situations in which '(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law.'"  Id. (quoting 5 U.S.C. § 701(a)).

 Defendants aver that 5 U.S.C. § 702(a)(2) precludes judicial review because the adjudication of an I-485 application is committed to agency discretion by 8 U.S.C. § 1255(a).  Because

13

the matter is discretionary and there is no requisite time frame, the matter is unreviewable under the APA as unreasonably delayed.

Plaintiffs argue that the APA authorizes this suit and permits this Court to compel agency action "unlawfully withheld or unreasonably delayed." Plaintiffs agree, however, that the APA does not entitle and aggrieved party to judicial review if an action is committed to agency discretion by law. Plaintiff, heavily criticizing the decision in Qui v. Chertoff, argues that 8 C.F.R. § 103.2(b)(18), which confers discretion on immigration officers to withhold adjudication while applications are investigated, and 8 U.S.C. § 1252(a)(2)(B)(ii), do not grant unfettered discretion to leave applications unadjudicated and that, in Qui, Judge Chesler "did not fully consider the role of the FBI in the name check process." Plaintiff insists that an enforceable non-discretionary duty exists because the FBI has a mandatory duty to complete the background checks in a reasonable amount of time.

This argument is misplaced. Plaintiff's Complaint and Petition for Mandamus do not ask this Court to mandamus the FBI to complete the security check, rather the relief requested is an order compelling the adjudication of Plaintiff's application to

Adjust Status to Legal Resident.[2]  This Court agrees that 8
C.F.R. § 103.2 (b)(18) confers discretion to withhold
adjudication where applications are still being investigated.
See Liu, 2007 U.S. Dist. LEXIS 74511 at *17 ("it is within the
discretion of immigration officials to withhold adjudication of a
decision of an adjustment of status application.") (citing 8
U.S.C. § 1255(a) and 8 C.F.R. § 103.2(b)(18)).  Moreover, where
there is no law compelling an agency to act within a certain
period of time, as is admittedly the case here, a court cannot
compel an agency to act within a certain period of time under the
APA.  Tao, U.S. Dist. LEXIS 62530 at *9.

       Thus, this Court rejects Plaintiff's assertions that it has
jurisdiction pursuant to the APA.  For the reasons discussed
above with regard to 8 U.S.C. § 1255(a), this Court finds that
the discretion to adjudicate Plaintiff's application has been

_____

       [2]Additionally, this Court notes that as of February 20,
2007, after Plaintiff instituted this action, the USCIS
posted a notice clarifying the criteria to expedite an FBI
name check.  This notice specifically states that the USCIS
"is no longer routinely requesting the FBI to expedite a
name check when the only reason for the request is that a
mandamus is filed in the case." available at
http://www.uscis.gov/files/pressrelease/ExpediteNameChk02200
7.pdf. This is contrary to the exhibit attached to
Plaintiff's Complaint which states that an FBI name check
will be expedited where there is a writ of mandamus.  Compl.
at Ex. 1.

15

committed to agency discretion and, therefore, this Court cannot

review this matter under the APA.  <u>See</u> 5 U.S.C. § 701(a)).


**Conclusion:**

    For the above-mentioned reasons, this Court finds it lacks

subject matter jurisdiction over Plaintiff's complaint and,

therefore, will grant Defendants' motion to dismiss.  An

appropriate Order will issue this date.


Dated:<u> January 9, 2008</u>                <u>s/Renée Marie Bumb          </u>
                                 RENÉE MARIE BUMB
                                 United States District Judge